Opinion by
Mr. Justice Lee.
This writ of error is directed to an adverse judgment of the District Court of Morgan County dismissing the claim of Earl G. Achenbach for damages against School District No. RE-2. We affirm the judgment.
The record shows that on December 7, 1964, Achenbach had been employed as superintendent and teacher of School District No. 1, County of Morgan and State of Colorado, for a term expiring June 30, 1965.
On March 26, 1965, an employment contract for the school year 1965-1966, commencing July 1, 1965, was entered into between District No. 1 and Achenbach under the circumstances hereinafter set forth. It is this renewal contract which gives rise to Achenbach’s claim for damages for breach of contract.
Pursuant to The School District Organization Act of 1957, C.R.S. 1963, 123-25-1, et seq., a statutory planning commission (which included a representative of School District No. 1) was organized in June of 1963 to formulate plans for the reorganization and consolidation of thirteen school districts, including District No. 1, into four new districts, among which was defendant in error, School District No. RE-2. The plan for reorganization was adopted by the committee, approved by the State Commissioner of Education, and submitted to the voters for approval on January 26, 1965. A favorable vote was certified on January 30, 1965, and the new district (RE-2) became a body corporate on March 30, 1965, sixty days after the certification. C.R.S. 1963, 123-25-24.
Under the statute the old district (District No. 1), which was included in the new district, was permitted to continue to function and to operate its schools until *439 the close of the school year, June 30, 1965. Just four days prior to the commencement of the corporate life of the new district on March 26, 1965, the board of directors of the old district and Achenbach entered into the employment contract which called for a year’s employment commencing July 1, 1965, until June 30, 1966. Also, on that same day the old district commenced an action in the District Court of Morgan County, seeking to set aside the reorganization election and to declare The School District Organization Act of 1957 unconstitutional. This action failed and on writ of error the judgment of the trial court upholding the election and the Act was affirmed by this Court in Schl. Dist. No. 1 v. Schl. Plan., 164 Colo. 541, 437 P.2d 787.
While that litigation was pending, the new district refused to honor Achenbach’s contract. Achenbach was not employed in any capacity by the new district. He was given proper notice that the position he occupied with the old district was being abolished. He thereafter commenced the present action seeking damages of $14,400, alleging that he was ready, willing and able to perform services pursuant to his contract of employment.
The trial court made detailed findings of fact and conclusions of law. The court stated in part:
“The pertinent statutes of the State of Colorado are a part of the contract here involved. If the contract was a contract on a condition subsequent, i.e., the continued legal existence of District No. 1, the plaintiff cannot recover, for the condition failed. The facts and the law could well support such a finding. The contract provided for services to be rendered for District No. 1 in a school in District No. 1. It was executed the same day an action was begun seeking to preserve the status of District No. 1. Both plaintiff and District No. 1 knew that unless said action should be successful within four days District No. 1 would cease to exist and would have no call upon his services under the contract within that time, and that thereafter and at the time under the contract when *440 his services would be required, the school he was employed to teach would no longer exist. One deals with a municipal corporation, as far as its powers are concerned, at his peril.
“Upon failure of the condition it is apparent that District No. 1, in fact, assumed no liability and that there was a lack of mutuality. District No. 1 had no authority, by statute or implication, to enter into a contract for another District (Re-2) and thereby infringe upon the powers and duties of such other District or impose claims upon its assets.”
The court was correct in its conclusions. The old district’s authority to enter into employment agreements for operation of its schools was limited to the “lame duck” period of time, until the closing of the school year, June 30, 1965. C.R.S. 1963, 123-25-24. This is made clear by the further provisions of section 27(3):
“When the members of the board of education of the new district assume their duties as herein provided, the board of education of any district or districts situated wholly within said new district shall cease to function and the terms of office of the members thereof shall thereupon automatically expire, save and except, however, that if the schools in the old districts which are included in the new district continue to operate under the provisions of section 123-25-24, the hoards of education of the old districts shall continue to act as such for the purpose only of carrying on the operation of said schools until the end of the school year, and at the end of said school year the said boards of education shall have no further power and authority and the terms of the members thereof shall automatically expire. The board of education for the new district shall have full power and authority even if schools are held therein as above provided to make all necessary contracts for teachers, adopt budget, make contracts for transportation and do all other things necessary to be done with refer *441 ence to the business affairs of said new district for succeeding school years.” (Emphasis added.)
Here, the record showed that the members of the board of the old district and Achenbach were fully aware of the consequences of the school district reorganization program and that they contracted with such knowledge. The validity of the contract hinged upon the success of their judicial attack upon the statute and the reorganization. Having failed in this, Achenbach’s claimed rights under the contract were without legal vitality.
Achenbach further argued that the old district had authority to enter into the contract, that he was ready, willing and able to perform, and that such imposed an obligation upon the new district in the nature of a .debt which the new district must assume since by operation of law it acquired the assets of the old district. Assuming that the statute requires new districts to assume the debts of old districts, here the contract imposed no obligation on the old district as heretofore discussed, out of which a debt could arise. This argument is without merit.
We deem the foregoing to be dispositive of all other issues raised by Achenbach and further discussion of his various contentions and arguments would be academic as they are all premised upon the assumed validity of the contract.
The judgment is affirmed.
Mr. Chief Justice Pringle, Mr. Justice Groves and Mr. Justice Erickson concur.